IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLACKBERRY LIMITED, A CANADIAN CORPORATION, AND BLACKBERRY CORPORATION, A DELAWARE CORPORATION, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:16-cv-02185-M |
| AVAYA INC., A DELAWARE CORPORATION, | § § § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion to Transfer Venue, (ECF No. 42), and Motion to Supplement Appendix, (ECF No. 56). The Court heard oral argument on September 28, 2017. For the reasons stated on the record and below, the Motions are **DENIED**.

### I. Factual and Procedural Background

Plaintiffs BlackBerry Ltd. and BlackBerry Corp. (collectively "BlackBerry") filed suit against Defendant Avaya Inc. ("Avaya") for patent infringement. Blackberry Ltd. is a Canadian corporation with its principal place of business in Waterloo, Ontario. Blackberry Corp. is a Delaware corporation with its principal place of business in San Ramon, California. Avaya is a Delaware corporation with its principal place of business in Santa Clara, California.

Avaya moved to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Shortly thereafter, Avaya filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, and the Court stayed all proceedings in this matter pursuant to 11 U.S.C. § 362(a). The Bankruptcy Court partially lifted the stay for this Court to decide

Avaya's motion. In support, Avaya also moved to supplement the record with events that have transpired during the stay.

## II. Legal Standard

### a. 28 U.S.C. 1400(b)

In the case of a corporate patent defendant, venue is proper where (1) the corporation is incorporated, or where (2) the defendant has committed acts of infringement and has a regular and established place of business. *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017) (citing 28 U.S.C. 1400(b)).

### b. 28 U.S.C. 1404(a)

"For the convenience of the parties and witnesses" and "in the interest of justice," a court may transfer a case to any district in which the case could have been filed. 28 U.S.C. § 1404(a). In deciding whether to transfer, courts have "broad discretion." *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 311 (5th Cir. 2008) (en banc). However, the Fifth Circuit requires courts to consider specific private and public interest factors before making the transfer decision. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 315 (quoting *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* These factors are not necessarily exhaustive or exclusive, and "none . . . can be said to be of

dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.,* 358 F.3d 337, 340 (5th Cir. 2004)). The plaintiff's choice of venue is not properly considered an independent factor in the analysis, but it is entitled to deference. *Comcast Cable Commc'ns, LLC v. British Telecommunications PLC*, 2012 WL 6625359, at *3 (N.D. Tex. Dec. 20, 2012) (citing *Volkswagen II,* 545 F.3d at 315).

The movant has the burden to show good cause for the transfer. *Id*. "The burden on the movant is 'significant,' and for a transfer to be granted, the transferee venue must be 'clearly more convenient than the venue chosen by the plaintiff.'" *AT & T Intellectual Prop. I, L.P. v. Airbiquity Inc.*, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (quoting *Volkswagen II*, 545 F.3d at 315).

## III. Analysis

### a. Motion to Supplement Appendix

Motions to transfer venue are to be decided based on "the situation which existed when suit was instituted." *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (quoting *Hoffman v. Blaski,* 363 U.S. 335, 343 (1960)). "Otherwise, given the constantly evolving commercial landscape, the Court is likely to face a new transfer request every time a business or product line is relocated." *Vertical Computer Sys., Inc. v. LG Elecs. MobileComm U.S.A., Inc.*, 2013 WL 2241947, at *3 (E.D. Tex. May 21, 2013). When evaluating Avaya's Motion to Transfer Venue, the Court therefore will not consider events that have transpired after the suit was filed. Avaya's Motion to Supplement Appendix is denied.

At any rate, Avaya's supplement is not dispositive. Even if the Court had considered it, Avaya would still fall short of meeting its burden to show good cause for the transfer.

### b. Motion to Transfer Venue

### i. Proper Venue Under § 1400(b)

As a threshold matter, the Court must determine whether the suit could have been properly brought in the Northern District of California. The parties do not dispute this, and the Court agrees. Avaya's principal place of business is in the Northern District of California, and several "key employees on the product teams responsible for a number of the products . . . Blackberry has accused of infringement" are located there. (ECF No. 44 at APP 7).

### ii. Private Interest Factors

The parties dispute three of the private interest factors: (1) the relative ease of access to sources of proof, (2) the availability of compulsory process to secure the attendance of witnesses, and (3) the cost of attendance for willing witnesses.

#### 1. Relative Ease of Access to Sources of Proof

Avaya relies on the fact that because its headquarters is in the Northern District of California, the Court should assume that relevant documents are located there. Avaya, however, does not provide compelling evidence that this assumption is justified. *See Rockstar Consortium US LP v. Google Inc.*, 2014 WL 4748692, at *3 (E.D. Tex. Sept. 23, 2014) ("The recitations provided by Google create a suggestion of helpful evidence, but, unpacked, Google's Motion provides neither evidence of where its documents are actually located nor evidence that these documents are more available or accessible from the Northern District of California than they would be from the Eastern District of Texas."). The record is unclear where relevant documents can be found, whether at Avaya's headquarters or even in this district at Avaya's office in Coppell. This factor does not weigh in favor of transfer.

#### 2. Availability of Compulsory Process to Secure the Attendance of Witnesses

Avaya fails to identify a "greater number of key non-party witnesses [who] could be subpoenaed to attend a trial in the [Northern District of California], but not in the current forum." *LT Tech, LLC v. FrontRange Sols. USA Inc.*, 2013 WL 6181983, at *2 (N.D. Tex. Nov. 26, 2013). Moreover, the record is unclear whether witnesses identified by Avaya would even be subject to the Northern District of California's subpoena power. This factor does not weigh in favor of transfer.

### 3. Cost of Attendance for Willing Witnesses

Avaya fails to show that the Northern District of California is a more convenient forum for witnesses. Although Blackberry Corp. and Avaya both have their headquarters in the Northern District of California, "it is the convenience of the nonparty witnesses that is accorded the greatest weight." *AT&T Intell. Prop. I, L.P. v. Airbiquity Inc.*, 2009 WL 774350, at *5 (N.D. Tex. Mar. 24, 2009) (quoting *Sargent v. Sun Trust Bank, N.A.*, 2004 WL 1630081, at *3 (N.D. Tex. July 20, 2004)). The record shows that more key nonparty witnesses, including several inventors of the patents-at-issue, are located in or closer to this district. This factor does not weigh in favor of transfer.

### iii. Public Interest Factors

The parties dispute one of the public interest factors: the local interest in having localized interests decided at home. Because both Blackberry Corp. and Avaya have their principal places of business in the Northern District of California, that district has a stronger, local interest in deciding this case. *See LT Tech*, 2013 WL 6181983, at *7 (N.D. Tex. Nov. 26, 2013) ("[B]ecause [accused products] . . . are marketed and supported by a company headquartered in and with a significant number of executives and employees based in California, this factor favors transfer."). This factor weighs in favor of transfer.

## IV. Conclusion

Because courts, in evaluating motions to transfer, can only consider facts as they existed when the suit was filed, Avaya's Motion to Supplement Appendix is **DENIED**.  Because the analysis of the private and public interest factors demonstrate that Avaya has fallen short of meeting its burden, its Motion to Transfer Venue to the Northern District of California is **DENIED**.

**SO ORDERED.**

October 10, 2017.

_____
**BARBARA M. G. LYNN**
**CHIEF JUDGE**